Dear Mr. Granger:
You have requested an opinion of the Attorney General regarding the proper procedure to be followed for the disposition of an outdated IBM System 38 computer (System 38) which your office acquired in 1981. You state that, in early 1998, your office purchased a new computer system to replace the System 38. You further state that representatives of IBM and Cherbonnier, Mayer Associates have both opined that the System 38 has no value whatsoever and, to the best of their knowledge, there is no other System 38 currently installed and operating in this State. Both representatives further note that the System 38 is in a state of disrepair and, as such, is basically useless.
You specifically ask the proper procedure to be followed in disposing of this antiquated computer system. Initially, we note that a review of the statutes pertaining to parish assessors reveals no specific authority governing the disposition of surplus property. Hence, we turn to the general laws pertaining to the disposition of surplus movable property. In this regard, R.S. 49:125 provides, in pertinent part, the following:
 § 125. Sale of surplus movable property at auction
 A. Notwithstanding any other provision of law to the contrary, the state or any board, commission, department or agency of the state or any political subdivision of the state is hereby authorized to sell surplus movable property at public auction, in addition to the other methods provided by law for such sales. The unit of government so desiring to sell surplus movable property at public auction is authorized to employ qualified licensed auctioneers to handle said sale.
 B. No sale at public auction shall be at a price which is less than is required by law, and all such sales shall be advertised in the manner provided by law.
In Attorney General Opinion No. 78-1349, we concluded that a parish assessor could utilize R.S. 49:125 in the sale of obsolete assessment rolls. You may wish to consult with representatives of the City-Parish regarding the possibility of including the System 38 in one of the regularly scheduled auctions held thereby.
As you are aware, R.S. 38:2211, et seq., constitutes the State's Bid Law in connection with the purchase of equipment and supplies. Section 2212 (L) exempts from the Bid Law the purchase of surplus materials and supplies by one public entity from another. Thus, for example, it is permissible for you to effect the transfer of surplus equipment to the state or parish property control management departments without the requirement that these departments bid on same. While Article VII, Section 14(A) of the Louisiana Constitution of 1974 prohibits the outright donation of said property to these departments, the transfer could, nevertheless, be accomplished for a consideration commensurate with its nominal value.
We are aware of no legal authority which would enable you to have the equipment hauled away as trash.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla Enclosure